# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

EMMIE D. REED,
      Appellant,

    v.

DEPARTMENT OF THE TREASURY,
      Agency.

DOCKET NUMBER
SF-0752-14-0587-I-1

DATE: April 16, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Emmie D. Reed, Walnut, California, pro se.

Mikel C. Deimler, Esquire, San Francisco, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her appeal as untimely filed without good cause shown for the delay. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        Prior to her removal, the appellant was employed with the agency as an appeals officer. Initial Appeal File (IAF), Tab 7 at 40. The agency proposed her removal on February 12, 2014, *id*. at 76-82, and removed her effective April 9, 2014, *id*. at 48-51. The removal decision informed the appellant of her right to appeal to the Board no later than 30 calendar days after the effective date of the action being appealed or 30 days after receipt of the agency's decision, whichever was later. *Id*. at 49-51. The appellant filed the instant Board appeal on May 27, 2014, asserting, inter alia, that her appeal was timely because she only received notice of her removal when she received a Standard Form 50 from the agency on May 10, 2014. IAF, Tab 1, Tab 4 at 4. The administrative judge issued an order stating that the appeal appeared to be untimely, and notifying the appellant of her burden of proving that either her appeal was timely or that, although it was untimely filed, there was good cause for the delay in filing; the administrative judge's order included the standard for establishing good cause for untimely filing due to illness. IAF, Tab 2. The agency responded, asserting, inter alia, that the appellant attempted to avoid service or failed to provide the agency with

updated contact information and that it properly sent the decision letter and other correspondence to the appellant via the United States Postal Service (USPS) and United Parcel Service (UPS).  IAF, Tab 7 at 5.

¶3	In the initial decision, the administrative judge found that the appeal was untimely filed because the appellant had constructive notice of the removal decision when it was delivered to her house; he further found that the appellant had not shown good cause for the delay.  IAF, Tab 24, Initial Decision (ID) at 15-18.  The administrative judge cited the declaration of an agency employee stating that the agency sent the decision letter on March 27, 2014, by UPS to the appellant's home address and by USPS to her post office box and home address.  ID at 9 (citing IAF, Tab 20); *see* IAF, Tab 7 at 52-57 (copies of envelopes used to mail the decision letter via UPS and USPS and UPS tracking detail stating that the letter had been delivered to the appellant's porch on March 28, 2014).  The administrative judge also cited the employee's statement that neither of the decision letters sent by USPS nor the five boxes of personal belongings that he sent to the appellant via UPS was returned to the agency.  ID at 9 (citing IAF, Tab 9 at 51-52, Tab 20 at 5-6).  The administrative judge found that the agency's letters were actually delivered but that the appellant was attempting to avoid receipt of letters from the agency related to disciplinary matters.  ID at 13-15.  In support of this finding, the administrative judge noted that, although the appellant claimed not to have received letters related to discipline, such as the February 12, 2014 proposed removal letter, IAF, Tab 1, an agency employee stated in a declaration that the agency received a facsimile from the appellant on February 13, 2014, responding to a notice concerning her health benefits that the agency mailed to her post office box on January 14, 2014, ID at 9 (citing IAF, Tab 10 (letter from the agency concerning health benefits election and response from the appellant sent by facsimile on February 12, 2014)).  He also noted that a newly packaged/repackaged decision letter was shipped to the agency by someone through a San Francisco UPS receptacle, receiver, or office on June 10, 2014, but

that nothing indicated that it was not originally delivered. ID at 14; *see* IAF, Tab 7 at 29-35 (decision letter, UPS envelope, and UPS tracking information for returned decision letter). He therefore found that the decision letter was delivered by UPS to the appellant's home address on March 28, 2014, that she intentionally avoided receiving the decision, and that she thus had constructive notice of the decision letter on March 28, 2014. ID at 15.

¶4 The appellant has petitioned for review, asserting that she diligently filed her appeal after receiving notice of her removal, that the instant case should have been treated as a mixed case with respect to the applicable deadlines for filing her appeal, and that the administrative judge did not properly consider her illness in assessing the timeliness of her appeal. Petition for Review (PFR) File, Tab 3 at 6. The agency has filed a response. PFR File, Tab 7.

¶5 An appellant bears the burden of proving through preponderant evidence that her appeal has been timely filed.[2] *Kirkland v. Department of Homeland Security*, 119 M.S.P.R. 74, ¶ 5 (2013); 5 C.F.R. § 1201.56(a)(2)(ii). Generally, an appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed or 30 days after the date of receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). The Board will dismiss an appeal that is untimely filed unless a good reason for the delay is shown. 5 C.F.R. § 1201.22(c).

¶6 Here, the administrative judge found, and we agree, that the decision letter was delivered by UPS to the appellant's home address on March 28, 2014. ID at 15. Under 5 C.F.R. § 1201.22(b)(3), "correspondence which is properly addressed and sent to the appellant's address via postal or commercial delivery is presumed to have been duly delivered to the addressee." The regulation further states, "While such a presumption may be overcome under the circumstances of a

---

[2] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2).

particular case, an appellant may not avoid service of a properly addressed and mailed decision by intentional or negligent conduct which frustrates actual service." *Id*. The appellant has not presented evidence or argument, other than her bare assertions, that she did not receive the decision letter on the date that it was delivered to her home address. The appellant thus has not established by preponderant evidence that she did not receive the decision letter when it was delivered via UPS on March 28, 2014. *Cf. Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 9 (2014) (regardless of whether the appellant's father was authorized to receive letters on his behalf, the appellant constructively received the decision letter on the date that it was delivered and signed for at his father's address (his address of record)).

¶7        Additionally, the appellant has not established that she did not receive the decision letter delivered to her post office box. The Board's regulations provide that an appellant may be deemed to have received an agency decision when she failed to pick up mail delivered to her post office box. 5 C.F.R. § 1201.22(b)(3), Example A. The appellant has failed to rebut the presumption that she received the decision letter that was properly addressed and sent to her post office box via postal delivery. *See* 5 C.F.R. § 1201.22(b)(3). Therefore, even if, as the appellant alleges, she did not receive the decision letter that was delivered to her house via USPS or UPS, we find that she is deemed to have received the decision letter that was delivered to her post office box.

¶8        Because the appellant's removal was not effective until April 9, 2014, IAF, Tab 7 at 48-51, after the appellant was deemed to have received the decision letter, we agree with the administrative judge that the filing deadline was 30 days later, on May 9, 2014, *see* 5 C.F.R. § 1201.22(b)(1). The appellant did not file her appeal until May 27, 2014, or 18 days after the deadline. IAF, Tab 1. We therefore find that the appellant has not established that her appeal was timely filed.

¶9      On petition for review, the appellant asserts that the timeframes for filing a mixed case should apply to her appeal.  PFR File, Tab 3 at 6.  A mixed case appeal is an appeal filed with the Board alleging that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, disability, age, or genetic information.  29 C.F.R. § 1614.302(a)(2).  The timeframe for filing mixed case appeals is governed by 5 C.F.R. § 1201.154.  Under 5 C.F.R. § 1201.154(a), the appellant may either file a timely complaint of discrimination with the agency or file an appeal with the Board no later than 30 days after the effective date, if any, of the action being appealed or 30 days after the date of the appellant's receipt of the agency's decision on the appealable action, whichever is later.  If the appellant had filed a direct Board appeal under 5 C.F.R. § 1201.154(a), just as under 5 C.F.R. § 1201.22(b), she would have had to file her appeal within 30 days of the effective date of her removal.  Therefore, as previously discussed, her appeal would have been filed 18 days after the deadline.

¶10      Under 5 C.F.R. § 1201.54(b), if the appellant has filed a formal complaint of discrimination with the agency prior to appealing to the Board, the right to appeal to the Board does not vest until the agency issues a final decision on the discrimination complaint or 120 days elapse from the date the complaint is filed with the agency.  Although the appellant states that her appeal should be governed by the timeframes for mixed appeals, she has not presented evidence that she filed a formal complaint of discrimination concerning her removal prior to filing her appeal.[3]  Thus, the appellant's arguments concerning mixed-case

---

[3] In its response, the agency submitted a July 2014 final agency decision that addressed the appellant's August 2013 and December 2013 formal complaints concerning other agency actions (not the appellant's removal).  PFR File, Tab 7 at 22-41.  The agency also submitted a June 2014 equal employment opportunity counseling report that reflected that the appellant wanted to initiate a complaint concerning her removal, but there is no evidence of a formal complaint.  *Id.* at 106-07.

procedures are unsubstantiated and, in any event, do not warrant a different outcome.

¶11    Next, we find that the administrative judge properly determined that the appellant did not show good cause for the untimely filing. To establish good cause for an untimely appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine if an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or evidence of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition.[4] *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). Where an appellant asserts that an untimely filing was the result of an illness, she must: (1) identify the time period during which she suffered from the illness; (2) submit medical evidence showing that she suffered from the alleged illness during that time period; and (3) explain how the illness prevented her from timely filing her appeal or a request for an extension of time. *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998).

¶12    The administrative judge found that the appellant failed to show good cause for the untimely filing of her appeal. ID at 17-18. On review, the appellant presents general arguments that her illness prevented her from focusing on routine habits such as checking her post office box or her home mail. PFR File, Tab 3 at 7-8. Under 5 C.F.R. § 1201.115(d), the Board will not consider evidence

---

[4] Although the appellant is proceeding pro se on petition for review, PFR File, Tab 6, she was represented below, *see* IAF, Tab 1, and we therefore do not consider her pro se for purposes of determining whether she has shown good cause for the untimely filing of her initial appeal.

submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed below despite the party's due diligence. Although the appellant's arguments concerning her illness may be new, we do not consider them because the information upon which the arguments are based is not new. *See Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 19 n.10 (2014). Furthermore, even if we did consider these arguments, we find that they do not establish that the appellant's illness affected her ability to timely file an appeal or to request an extension of time to file her appeal. *See Tacujan v. U.S. Postal Service*, 109 M.S.P.R. 553, ¶ 8 (2008) (finding that the appellant did not establish that his mental illness affected his ability to file a petition for appeal or request an extension of time to file an appeal where he submitted no medical documentation to support his assertion that his condition prevented him from timely filing his appeal).

¶13 We further find that the delay in filing of 18 days is not minimal. *See Harris v. Department of Defense*, 101 M.S.P.R. 123, ¶ 10 (2006) (declining to excuse an 8-day delay in filing an appeal where there was no good cause shown for the delay). Considering the record as a whole, we agree with the administrative judge that the appellant did not establish good cause for her untimely filing. Accordingly, we find that the administrative judge properly dismissed the appeal as untimely filed without good cause shown for the delay.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.